#41107         IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA MENDEZ, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | Case No. 08 C 1216 |
| v. | ) | |
| | ) | |
| SIEBERT GROUP 1, LLC-S.G. SERIES 4, | ) | |
| PHILLIP SIEBERT, as owner and in his individual | ) | |
| capacity, THOMAS ISCHKUM, KAREN ISCHKUM, | ) | Judge Shadur |
| GSF MORTGAGE CORPORATION, MORTGAGE | ) | Presiding |
| ELECTRONIC REGISTRATION SYSTEMS, INC., | ) | |
| COUNTRYWIDE HOME LOANS, INC., and | ) | |
| UNKNOWN OCCUPANTS AND NONRECORD | ) | |
| CLAIMANTS, | ) | |
| | ) | |
|     Defendants. | ) | |

**DEFENDANTS SIEBERT GROUP 1, LLC-S.G. SERIES,
GSF MORTGAGE CORPORATION, PHILLIP SIEBERT,
THOMAS ISCHKUM and KAREN ISCHKUM'S
ANSWER TO COMPLAINT**

Defendants SIEBERT GROUP 1, LLC-S.G. SERIES, GSF MORTGAGE CORPORATION,

PHILLIP SIEBERT, THOMAS ISCHKUM, and KAREN ISCHKUM, (hereinafter "Defendants")

by and through their attorneys, Gomberg, Sharfman, Gold and Ostler, P.C., answer the Complaint

filed by Patricia Mendez, ("Plaintiff") as follows:

**COUNT I: EQUITABLE MORTGAGE**
**(against Siebert Group 1, LLC-S.G. Series 4, Phillip Siebert,
Thomas Ischkum and Karen Ischkum)**

    1.    Plaintiff, Patricia Mendez, lives in Wood Dale, DuPage County, Illinois.

ANSWER:    Defendants admit the averments contained in Paragraph 1.

2.       Ms. Mendez is 61 years old and has never purchased real estate. She is unsophisticated in real estate matters.

ANSWER:      Defendants lack knowledge or information sufficient to form a belief regarding the averments contained in paragraph 2.

3.       Defendant Siebert Group 1, LLC-S.G. Series 4 ("Siebert Group") is an Illinois limited liability corporation registered to do business in Illinois.

ANSWER:      Defendants admit the averments contained in Paragraph 3.

4.       Defendant GSF Mortgage Corporation ("GSF Mortgage") is a Delaware corporation registered to do business in Illinois. GSF Mortgage is an Illinois Residential Mortgage licensee.

ANSWER:      Defendants admit the averments contained in Paragraph 4.

5.       Defendant Phillip Siebert is owner of Siebert Group, GSF Mortgage and Home Buyers Realty. He is licensed in Illinois as a Loan Originator.

ANSWER:      Phillip Siebert denies that he is an owner of Siebert Group, but admits he is a member of Siebert Group, a limited liability company. Phillip Siebert admits that he is one of the shareholders of GSF Mortgage and Home Buyers Realty. Defendants admit the averment contained in the second sentence of Paragraph 5.

6.       Defendant Thomas Ischkum ("Mr. Ischkum") is an employee of GSF Mortgage Corporation and a licensed Loan Originator.

ANSWER:      Defendants admit the averments contained in Paragraph 6.

7.       Defendant Karen Ischkum is an employee of GSF Mortgage Corporation.

ANSWER:      Defendants admit the averment contained in Paragraph 8.

2

8.      Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is a company that serves as Nominee of mortgage lenders originating or holding mortgage loans. MERS is located at 1595 Springhill Road, Vienna, Virginia 22182. MERS is a Delaware corporation that does business in Illinois.

ANSWER:     Defendants admit the averments contained in Paragraph 8.

9.      Defendant Countrywide Home Loans, Inc. ("Countrywide") is a New York corporation registered to do business in Illinois.

ANSWER:     Defendants admit the averments contained in Paragraph 9.

10.     At all times relevant to this litigation, Ms. Mendez was the owner in fee simple of the real estate situated in DuPage County, Illinois, commonly known as 366 N. Central Ave., Wood Dale, Illinois, and described as follows:

> LOT 7 IN BLOCK 14 IN H.O. STONE AND COMPANY'S IRVING PARK BOULEVARD ADDITION TO WOOD DALE, BEING A SUBDIVISION OF PART OF THE SOUTHWEST QUARTER OF SECTION 10 AND THE NORTHWEST QUARTER OF SECTION 15, TOWNSHIP 40 NORTH, RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE FLAT THEREOF RECORDED DECEMBER 12, 1925 AS DOCUMENT 204618, IN DUPAGE COUNTY, ILLINOIS.
>
> Permanent Index Number(s): 03-10-320-023.
> (hereinafter "the property").

ANSWER:     Defendants admit the averments contained in Paragraph 10.

11.  Ms. Mendez's parents built the property in 1944 and she has lived there almost her entire life. She received title to the property in 1993 when it was transferred to her in a quitclaim deed from her mother.

ANSWER:     Defendants lack knowledge or information sufficient to form a belief

regarding the averments contained in Paragraph 11.

12.     In 1999, Ms. Mendez was contacted by Mr. Ischkum in his capacity as a mortgage broker for GSF Mortgage, regarding refinancing a mortgage she had obtained in 1997. With Mr. Ischkum's assistance, she refinanced the mortgage.

ANSWER:     Defendants admit the averments contained in Paragraph 12.

13.     She subsequently refinanced a mortgage two more times. Mr. Ischkum assisted her each time. The third refinance, in 2004, resulted in her mortgage being assigned to Chase Home Finance (hereinafter "Chase").

ANSWER:     Defendants admit the averments contained in Paragraph 13.

14.     In early 2007, because of unemployment, Ms. Mendez was having trouble making her monthly mortgage payments of $1054.20 due to her lender, Chase. She paid her mortgage three weeks late in December 2006, and was unable to pay her mortgage in January 2007, February 2007 and March 2007. She again contacted Ischkum for assistance. Mr. Ischkum assured her he "would take care of it" and told her he would help her.

ANSWER:     Defendants lack knowledge or information sufficient to form a belief regarding the averments contained in the first sentence of Paragraph 14. Defendants admit that Mendez paid her December 2006 mortgage payment.  Defendants admit that Mendez contacted Thomas Ischkum for assistance.  Defendants deny the remaining averments contained in Paragraph 14.

15.     A few days after she contacted Mr. Ischkum, Pat Cardoni visited Ms. Mendez at her home. She had never spoken with Mr. Cardoni before, but he told her he worked with Mr. Ischkum. On information and belief, Mr. Cardoni is an employee of Home Buyers Realty, a company owned by defendant Phillip Siebert. Mr. Cardoni came to Plaintiff's house and had her

4

sign some paperwork. Although Mr. Cardoni is a registered real estate agent, Ms. Mendez was not aware that he was a real estate agent. He explained she would be selling her house and renting it back, with an option to repurchase the house. He did not tell her that Mr. Ischkum was going to buy the house.

ANSWER:     Defendants admit that Pat Cardoni is an employee of Home Buyers Realty. Defendants admit that Cardoni visited with Mendez and reviewed her financial and real estate situation. Defendants deny that Mendez was not informed that Cardoni is a registered real estate agent. Defendants admit that Cardoni explained to Mendez all of her options regarding her real estate, including a sale with an option to repurchase the property. Defendants lack knowledge or information sufficient to form a belief regarding the averments contained in the last two sentences of paragraph 15.

16. Mr. Cardoni told her repairs would need to be made to the house before this transaction could begin. He indicated he would arrange for the repairs to be made. A contractor, WMC Contractors, LLC, arranged by Mr. Cardoni or Mr. Ischkum, began making repairs to her house almost immediately.

ANSWER:     Defendants admit the averments contained in Paragraph 16, except that Defendants deny that Ischkum arranged for said repairs.

17.     Plaintiff attended the closing on March 16, 2007. She was not represented by counsel. Mr. Ischkum was not present at the closing, but Mr. Cardoni was there.

ANSWER:     Defendants admit the averments contained in Paragraph 17.

:\ro\litigate\41107\pleadings\**Revised Answer.wpd**

18. At the closing, Plaintiff signed a warranty deed and sold her property for $165,000 to
Siebert Group. Ms. Mendez was not informed at the closing that the property would eventually
be sold to Mr. Ischkum. Fees and payouts at the closing included the following:

    a.    $108,632 to Chase to pay off her mortgage;
    b.    $10,500 to WMC Contractors, LLC, the contractor who made the home repairs;
    c.    $1 1,035.89 to Siebert Group as "prepaid rent";
    d.    $550 "document preparation fee" to counsel for Siebert Group;
    e.    $9,900 real estate commission to Home Buyers Realty;
    f.    $8,863 cash to Plaintiff;
    g.    $958 to Nationwide Credit Clearing for credit repair; and
    h.    $8707.62 to several of Plaintiffs creditors, including credit card companies.

See Exhibit A, attached hereto and made a part hereof, which is a copy of the HUD-1 Statement.

    ANSWER:    Defendants deny that Mendez was not informed at closing that the

                  property would eventually be sold to Ischkum. Defendants admit the

                  remaining averments contained in Paragraph 18.

19.    Also at the closing, Ms. Mendez signed an Option to Purchase contract. See
Exhibit B, attached hereto and made a part hereof, which is a copy of the Option to Purchase.
She also signed two leases. The first lease covered one month, March 2007, and is with Siebert
Group. See Exhibit C, attached hereto and made a part hereof, which is a copy of the Siebert
Group Lease. The second lease began in April 2007 and was with Thomas Ischkum. See Exhibit
D, attached hereto and made a part hereof, which is a copy of the Ischkum Lease.

    ANSWER:    Defendants admit the averments contained in Paragraph 19.

20.    On March 25, 2007, GSF Mortgage Corporation had the property appraised. The
home appraised for $250,000.

    ANSWER:    Defendants admit the averments contained in Paragraph 20.

21.    On April 6, 2007, Siebert Group transferred the property by warranty deed to Thomas and Karen Ischkum for $173,000. The Ischkums executed two mortgages on the property, both with GSF Mortgage as mortgagee, with Mortgage Electronic Registration Systems, Inc. (MERS) as a nominee. These mortgages were later assigned to Countrywide. Ms. Mendez began paying her "rent" to the Ischkums at the GSF Mortgage Corporation office at the rate of $1001.60 per month. Total "rent" owed according to the lease was $1557.15, and the difference of $555.55 was deducted each month from the $11,000 in prepaid rent plaintiff paid at closing.

ANSWER:    Defendants admit the averments contained in Paragraph 21.

22.    Thereafter, Plaintiff remained on the property and, despite her continuing unemployment, made her rent payments each month beginning in March until July with assistance from family and friends. In August, 2007, Plaintiff fell behind in her payments, and Mr. Ischkum filed a forcible entry and detainer action in September 2007. She cannot afford the payments, a fact known to Ischkum at the lease's inception, as her rent payment was roughly equivalent to her Chase mortgage payment. The forcible entry and detainer action was subsequently dismissed without prejudice by Mr. Ischkum.

ANSWER:    Defendants admit that Plaintiff remained on the property subsequent to her sale of the property to Siebert Group. Defendants lack knowledge or information sufficient to form a belief regarding the averments related to unemployment. Defendants admit that rent payments were made until July, but lack knowledge or information sufficient to form a belief regarding the averments related to the source of those rent payments. Defendants admit that a forcible entry and detainer action was filed in

September 2007, following a default by Plaintiff in her lease payments.
Defendants lack knowledge or information sufficient to form a belief
regarding the averments related to whether Plaintiff can afford her lease
payments. Defendants deny that they knew of Plaintiff's inability to make
lease payments. Defendants admit that the eviction proceeding was
subsequently dismissed without prejudice by Ischkum.

23.    Without the relief sought herein, Plaintiff stands to lose all the equity she had in
the house, approximately $140,000, as well as title to her childhood home.

ANSWER:    Defendants deny the averments contained in Paragraph 23.

24.    Pursuant to 765 ILCS 905/5, the transaction between Plaintiff and Siebert Group
is an equitable mortgage and not an outright transfer of title.

ANSWER:    Defendants deny the averments contained in Paragraph 24.

25.    The following facts, among others, indicate that the transaction described in
paragraphs 14-19, supra, was an equitable mortgage and not a sale:

a.    The inadequacy of the consideration. Ms. Mendez received a benefit of
approximately $141,000 for a property appraised at a value of $250,000 which was
subsequently sold to defendants Ischkum for $173,000. (See paragraphs 18,20 and 21);

b.    The fact that there is a disparity in knowledge and experience between the parties,
as the Defendants have a much better understanding of real estate sales, investment, and
finance matters than Plaintiff (see paragraphs 2,5 and 6);

c.    The fact that Plaintiff was not represented by counsel (see paragraph 17);

d.    The fact that Plaintiff remained in the property after the "sale" of the home and
made monthly payments in the nature of payments on a mortgage loan (see paragraph
22);

e.    The fact that Plaintiff retained an option to repurchase the home within 20
months, which was in fact in the nature of the repayment of a debt (see paragraph 19);
and

:\ro\litigate\41107\pleadings\**Revised Answer.wpd**

f.      The fact that Plaintiff sought assistance from Mr. Ischkum, a mortgage broker, because he had assisted her with obtaining loans in the past (see paragraphs 12-13).

ANSWER:      Defendants deny the averments contained in Paragraph 25.

26.  No foreclosure action has been filed regarding the property by anyone in accordance with the Illinois Mortgage Foreclosure law, 735 ILCS 5/15-1101, *et seq*.

ANSWER:      Defendants admit the averments contained in Paragraph 26.

27.      This count is being pled against Siebert Group 1, LLC-S.G. Series 4, Phillip Siebert as owner of Siebert Group and in his individual capacity, Thomas lschkum and Karen Ischkum.

ANSWER:      Defendants admit the averments contained in Paragraph 27.

WHEREFORE,  Defendants SIEBERT GROUP 1, LLC-S.G. SERIES, GSF MORTGAGE CORPORATION, PHILLIP SIEBERT, THOMAS ISCHKUM, and KAREN ISCHKUM, respectfully request that this Honorable Court deny the relief requested by Plaintiff and enter judgment in favor of Defendants and such other and further relief as this court may deem just.

### Count  II: ACTION TO QUIET TITLE
#### (Against Thomas Ischkum and Karen Iscbkum, GSF Mortgage Corporation, Mortgage Electronic Registration Systems, Countrywide Home Loans, and unknown occupants and nonrecord claimants)

1-26.    Plaintiff repeats and realleges paragraphs 1 through 26 of Count I as paragraphs 1 through 26 of Count II, verbatim, as though fully set forth herein.

ANSWER:      Defendants restate and incorporate by reference herein their answers to

paragraphs 1 - 26 above as though fully set forth herein.

9

27.    This count is being pled against Defendants Thomas Ischkum and Karen Ischkum and against Defendant GSF Mortgage Corporation, Defendant Mortgage Electronic Registration Systems and Defendant Countrywide Home Loans.

ANSWER:    Defendants admit the averments contained in Paragraph 27.

28.    The occurrences alleged above in paragraphs 1-26 of this Count II cast doubt on plaintiff's title to the property and the defendants mentioned in paragraph 27 of this Count II have asserted interests in the property that are adverse to plaintiff's interest.

ANSWER:    Defendants deny that the Plaintiff has any title to the property, and admit the remaining averments contained in Paragraph 28.

29.  Because Defendant Siebert Group had only an equitable mortgage interest in the property, their attempt to transfer title to Thomas lschkum and Karen Ischkum is void.

ANSWER:    Defendants deny the averments contained in Paragraph 29.

30.  Therefore, the Ischkums' attempts to encumber the property is also void.

ANSWER:    Defendants deny the averments contained Paragraph 30.

31.    GSF Mortgage Corporation, as Mr. Siebert's company and the Ischkums' employer, knew that Siebert Group only had an equitable mortgage because GSF Mortgage knew that Ms. Mendez had sold her property for far less than fair market value, retained an option to repurchase, and entered into a lease agreement to remain in the property.

ANSWER:    Defendants deny the averments contained in Paragraph 31.

32.    At the time of the issuance of the loan Plaintiff was in actual, open, exclusive, and visible possession of the subject property. Because occupancy of residential property is public notice of a title interest or claim therein, Defendants had a duty to inquire into the nature of that interest. Furthermore, GSF Mortgage had actual knowledge of the lease agreement

10

between Plaintiff and Mr. Ischkum as well as Plaintiff's continuing possession and occupancy of

the property through the date when GSF Mortgage issued its mortgage loan to the Ischkums.

ANSWER:    Defendants admit that Plaintiff's possession of the property was known to

them by virtue of the residential lease executed by her and by the

disclosures made to the lenders, including co-Defendant Countrywide

Home Loans, Inc., but deny that the knowledge of her possession resulted

in the creation of an equitable mortgage for her benefit.

33.    At the time it issued the mortgage, GSF Mortgage had notice of the claims

Plaintiff asserts in this action and actual or constructive notice that at the time of the issuance of

its loan, Defendant Siebert Group held at most an equitable mortgage interest in the subject

property.

ANSWER:    GSF Mortgage denies that it had knowledge of the claims now asserted by

Plaintiff in this action.  The remaining Defendants deny the allegations

contained in Paragraph 33.

34.    Due diligence on the part of GSF Mortgage would have confirmed through title

records, tax records, and Plaintiff herself, that Plaintiff was the true owner of the property who

had never validly transferred her fee simple interest in the subject property, but instead had given

Siebert Group an "equitable mortgage" on that property.

ANSWER:    Defendants deny the averments contained in Paragraph 34.

WHEREFORE,  Defendants SIEBERT GROUP 1, LLC-S.G. SERIES, GSF

MORTGAGE CORPORATION, PHILLIP SIEBERT, THOMAS ISCHKUM, and KAREN

ISCHKUM,  respectfully request that this Honorable Court deny the relief requested by Plaintiff

:\ro\litigate\41107\pleadings\**Revised Answer.wpd**

and enter judgment in favor of Defendants and such other and further relief as this court may

deem just.

### Count III: Truth in Lending Violations
### (against Siebert Group and Phillip Siebert)

1-26.  Plaintiff repeats and realleges paragraph 1 through 26 of Count I as paragraph I

through 26 of Count Ill, verbatim, as though fully set forth herein.

> ANSWER:     Defendants restate and incorporates by reference herein their answers to
>
> paragraphs 1 - 26 above as though fully set forth herein.

27.     This Count is being pled against Defendant Siebert Group LLC and Defendant

Phillip Siebert, individually and as owner of Siebert Group LLC.

> ANSWER:     Defendants admit the averments contained in Paragraph 27.

28.     The subject transaction, though structured as a deed transfer from Ms. Mendez

to Siebert Group, is properly construed as an equitable mortgage loan.

> ANSWER:     Defendants deny the averments contained in Paragraph 28.

29.  According to the Option to Purchase, the subject transaction is properly construed as

a mortgage loan requiring 18 payments of $1001.60 per month beginning in April 2007 and

running through September 2008, with a final balloon payment of $218,000 due in October

2008.

> ANSWER:     Defendants deny the averments contained in Paragraph 29.

30.     Under 12 C.F.R. § 226.18 of the Truth in Lending Act ("TILA"), the amount

financed on said mortgage loan is, according to the HUD-l, $141,519.60 (the funds received by

Plaintiff).

> ANSWER:     Defendants deny that the averments contained in Paragraph 30.

:\ro\litigate\41107\pleadings\**Revised Answer.wpd**

31.     Given this payoff and the above terms of the mortgage loan, the annual percentage rate ("APR") of Ms. Mendez's loan is 32.9%. 12 C.F.R. § 226.18.

ANSWER:     Defendants deny the averments contained in Paragraph 31.

32.     Mortgage loans are covered by the TILA amendment known as the Home Ownership and Equity Protection Act ("HOEPA") if the APR exceeds by more than 8% the applicable Treasury security yield. 15 U.S.C. § 1602(aa).

ANSWER:     Defendants admit the averments contained in Paragraph 32.

33.     Here, the applicable Treasury security yield was not more than 4.83% (the two-year Treasury security yield on February 15, 2007).

ANSWER:     Defendants deny the averments contained in Paragraph 33.

34.     Ms. Mendez's loan APR of 32.9% exceeds the applicable Treasury rate by more than 28%.

ANSWER:     Defendants deny the averments contained in Paragraph 34.

35.     Because Ms. Mendez's loan APR of 32.9% exceeds the applicable Treasury security yield by more than 8%, her loan is a high-cost loan covered by HOEPA. 15 U.S.C. § 1602(aa).

ANSWER:     Defendants deny the averments contained in Paragraph 35.

36.     Thomas Ischkum, an employee of GSF Mortgage and a licensed loan originator, initiated the transaction and therefore brokered the loan between Plaintiff and Siebert Group.

ANSWER:     Defendants admit that Thomas Ischkum is an employee of GSF Mortgage and a licensed loan originator.  Defendants deny the remaining averments contained in Paragraph 36.

37.     Because the loan transaction was covered by HOEPA and was brokered, Siebert Group is therefore a "creditor" for the purposes of TILA. 12 C.F.R. § 226.2.

:\ro\litigate\41107\pleadings\**Revised Answer.wpd**

ANSWER:    Defendants deny the allegations contained in Paragraph 37.

38.  As a result of the subject transaction, Siebert Group acquired an interest in plaintiff's home that secures payment or performance of an obligation as set forth in 15 U.S.C. 1602(aa)(l) and Regulation Z, 12 C.F.R. §226.32.

ANSWER:    Defendants admit that Siebert Group acquired title to Plaintiff's real estate and deny the remaining averments contained in Paragraph 38.

39.  The transaction between Siebert Group and Ms. Mendez was a "consumer credit transaction" as that term is defined in the Truth in Lending Act, 15 U.S.C. § 1602(h), and Regulation Z, 12 C.F.R. § 226.2(a)(12).

ANSWER:    Defendants deny the averments contained in Paragraph 39.

40.    The transaction between Siebert Group LLC and Ms. Mendez was a "closed-end credit transaction" as that term is defined in 12 C.F.R. §§ 226.17 through 226.24.

ANSWER:    Defendants deny the averments contained in Paragraph 40.

41.     In the course of issuing a mortgage loan to Ms. Mendez, Siebert Group and Phillip Siebert committed material violations of TILA by failing to make the following disclosures required by TILA and its implementing Regulation Z, 12 C.F.R. §226.18: (a) the Annual Percentage Rate (APR), (b) the amount financed, (c) the itemization of amount financed, (d) the finance charge, (e) the total of payments, and (f) the schedule of payments.

ANSWER:    Defendants deny that averments contained in Paragraph 41.

42.    Siebert Group and Phillip Siebert committed an additional material violation of TILA by failing to provide a written notice of Ms. Mendez's absolute three-day right to rescind the transaction. 12 C.F.R. §226.23

ANSWER:    Defendants deny that averments contained in Paragraph 42.

43.   These material violations give Ms. Mendez an extended three-year right to rescind the equitable loan transaction; such rescission automatically voids the lienhold or security interest held by Siebert Group or its successors. 15 U.S.C. § 1635(f), 12 C.F.R. §226.23(a)(3).

ANSWER:    Defendants deny that averments contained in Paragraph 43.

44.    Ms. Mendez hereby exercises her right to rescind the subject loan by delivering a copy of this Complaint upon Defendants Siebert Group and Phillip Siebert and to all Defendants through service of this Complaint.

ANSWER:    Defendants do not have knowledge or information sufficient to form a belief regarding the averments contained in Paragraph 44.

45.    Subsequent to rescission, Defendants Siebert Group and Phillip Siebert must take whatever action is required to void the equitable mortgage lien, and they must take steps to ensure the return of all money or property that has been given to anyone in connection with the subject transaction (including but not limited to returning all of Ms. Mendez's monthly payments made on the loan). 15 U.S.C. § 1635.

ANSWER:    Defendants deny the averments contained in Paragraph 45.

WHEREFORE,  Defendants SIEBERT GROUP 1, LLC-S.G. SERIES, GSF MORTGAGE CORPORATION, PHILLIP SIEBERT, THOMAS ISCHKUM, and KAREN ISCHKUM,  respectfully request that this Honorable Court deny the relief requested by Plaintiff and enter judgment in favor of Defendants and such other and further relief as this court may deem just.

:\ro\litigate\41107\pleadings\**Revised Answer.wpd**

## Count IV: Home Ownership and Equity Protection Act
### (Against Siebert Group and Phillip Siebert)

1-26.  Plaintiff repeats and realleges paragraph I through 26 of Count I as paragraph I through 26 of Count IV, verbatim, as though fully set forth herein.

ANSWER:     Defendants restate and incorporates by reference herein their answers to paragraphs 1 - 26 above as though fully set forth herein.

27.     This Count is being pled against Defendant Siebert Group and Defendant Phillip Siebert, individually and as owner of Siebert Group.

ANSWER:     Defendants admit the averments contained in Paragraph 27.

28.     The Home Ownership and Equity Protection Act, P.L. No 103-325 (September 23, 1994) amended the Truth in Lending Act by adding what is now 15 U.S.C. §1639. Simultaneously with the passage of this Act, Regulation Z was amended to implement the requirements of this Act.

ANSWER:     Defendants admit the averments contained in Paragraph 28.

29- 40.  Plaintiff realleges paragraphs 29- 40 of Count III as paragraphs 29 - 40 of this Count IV.

ANSWER:     Defendants restate and incorporates by reference herein their answers to paragraphs 29-40 above as though fully set forth herein.

41.  Because Ms. Mendez's loan transaction is covered by the Home Ownership and Equity Protection Act ("HOEPA"), Siebert Group was required to give Ms. Mendez a special cautionary notice setting forth the terms of the loan, including the APR and the required monthly payments, three or more business days prior to the loan closing. 12 C.F.R. § 226.32(d)(1) and 226.32.

ANSWER:    Defendants deny averments contained in Paragraph 41.

42.    Siebert Group did not give Ms. Mendez this required notice.

ANSWER:    Defendants deny the averments contained in Paragraph 42.

43.    HOEPA prohibits balloon payments on covered loans with a term of less than five years. 15 U.S.C. § 1639(e), 12 C.F.R. § 226.32(d)(1).

ANSWER:    Defendants deny the averments contained in Paragraph 43.

44.    Because Ms. Mendez's loan is covered by HOEPA and requires a balloon payment after less than two years, it violates the HOEPA statute.

ANSWER:    Defendants deny the averments contained in Paragraph 44.

45.    Both of the above HOEPA violations give Ms. Mendez an extended three-year right to rescind the equitable loan transaction, which automatically voids the lienhold interest held by Siebert Group. 15 U.S.C. § 1635, 12 C.F.R. § 226.23.

ANSWER:    Defendants deny the averments contained in Paragraph 45.

46.  Ms. Mendez hereby exercises her right to rescind the subject loan by delivering a copy of this Complaint upon Defendants Siebert Group and Phillip Siebert and to all Defendants through service of this Complaint.

ANSWER:    Defendants deny the averments contained in Paragraph 46.

47.  Subsequent to rescission, Defendants Siebert Group and Phillip Siebert must take whatever action is required to void the equitable mortgage lien, and it must take steps to ensure the return of all money or property that has been given to anyone in connection with the subject transaction (including but not limited to returning all of Ms. Mendez's monthly payments made on the loan). 15 U.S.C. § 1635.

ANSWER:    Defendants deny the averments contained in Paragraph 47.

:\ro\litigate\41107\pleadings\**Revised Answer.wpd**

48.    HOEPA requires payments made by creditors to home improvement contractors to be made jointly payable to the consumer and the contractor or through a third party escrow agent in accordance with a written agreement signed by the consumer. 15 U.S.C. § 1639(i), 12 C.F.R. § 226.34(a)(1).

ANSWER:    Defendants admit the averments contained in Paragraph 48.

49.  Because the home improvement contractor, WMC Consulting LLC, was paid directly from the proceeds at the closing, and, on information and belief, the instrument was not also payable to Plaintiff, the payment violates HOEPA.

ANSWER:    Defendants deny the averments contained in Paragraph 49.

WHEREFORE,  Defendants SIEBERT GROUP 1, LLC-S.G. SERIES, GSF MORTGAGE CORPORATION, PHILLIP SIEBERT, THOMAS ISCHKUM, and KAREN ISCHKUM,  respectfully request that this Honorable Court deny the relief requested by Plaintiff and enter judgment in favor of Defendants and such other and further relief as this court may deem just.

### Count V: MORTGAGE RESCUE FRAUD ACT
### (Against Siebert Group, Phillip Siebert, Thomas Ischkum, and Karen Ischkum)

1-26.  Plaintiff repeats and realleges paragraph 1 through 26 of Count I as paragraph 1 through 26 of Count V, verbatim, as though fully set forth herein.

ANSWER:    Defendants restate and incorporates by reference herein their answers to paragraphs 1 - 26 above as though fully set forth herein.

27.    Siebert Group, Phillip Siebert, Thomas Ischkum and Karen Ischkum are "distressed property purchasers" as that term is defined by the Mortgage Rescue Fraud Act (MRFA), 765 ILCS 940/5.

ANSWER:     Defendants deny the averments contained in Paragraph 27.

28.  Defendants Siebert Group, Phillip Siebert, Thomas Ischkum and Karen Ischkum violated procedural requirements of the Mortgage Rescue Fraud Act, including but not limited to:

    a.     Failure to provide distressed property conveyance contract with required terms, 765 ILCS 940/25, 765 ILCS 940/30; and

    b.     Failure to provide notice of right to rescind distressed property conveyance contract, 765 ILCS 940/40.

ANSWER:     Defendants deny the averments contained in Paragraph 28.

29.  Defendants Siebert Group LLC, Phillip Siebert, Thomas Ischkum and Karen Ischkum violated substantive requirements of the MRFA set forth at 765 ILCS 940/50, including but not limited to:

    a.     Entering into a distressed property conveyance without demonstrating Plaintiff's ability to make the required monthly payments and her reasonable ability to afford the repurchase, 765 ILCS 940/50(b)(l);

    b.     Entering into a distressed property conveyance where the Plaintiff failed to receive 82% of the value of the home and failed to receive the opportunity to repurchase the home for no more than 125% of the Defendants' original cost to purchase the home, 765 ILCS 940/50(b)(2);

    c.     Arranging a distressed property conveyance that was unfair and commercially unreasonable; 765 ILCS 940/50(b)(3);

    d.     Representing that they were acting on behalf of Plaintiff and assisting her to save the house, 765 ILCS 940/50(b)(4);

    e.     Accepting a conveyance from Plaintiff and recording the instrument of conveyance before the time for Plaintiff to cancel the transaction had expired, 765 ILCS 940/50(b)(6); and

    f.     Causing the property to be conveyed and encumbered without the knowledge or permission of Plaintiff, 765 ILCS 940/50(b)(l2).

ANSWER:    Defendants deny averments contained in Paragraph 29.

30.    Defendants Siebert Group, Phillip Siebert, Thomas Ischkum and Karen Ischkum are, by virtue of the above, subject to liability under the Consumer Fraud and Deceptive Business Practices Act. 765 ILCS 940/55.

ANSWER:    Defendants deny the averments contained in Paragraph 30.

31.  The actions taken by defendants Siebert Group, Phillip Siebert, Thomas Ischkum and Karen Ischkum as described above were intentional, willful and wanton.

ANSWER:    Defendants deny the averments contained in Paragraph 31.

32.    As a direct and proximate cause of Defendants' actions, Plaintiff has suffered substantial economic harm including, but not limited to, the loss of title to the property, the loss of approximately $140,000 equity in the property, and the further encumbrance of the property due to the mortgages executed by the Ischkums.

ANSWER:    Defendants deny the averments contained in Paragraph 32.

WHEREFORE,  Defendants SIEBERT GROUP 1, LLC-S.G. SERIES, GSF MORTGAGE CORPORATION, PHILLIP SIEBERT, THOMAS ISCHKUM, and KAREN ISCHKUM,  respectfully request that this Honorable Court deny the relief requested by Plaintiff and enter judgment in favor of Defendants and such other and further relief as this court may deem just.

### Count VI: UNCONSCIONABILITY
#### (Against Siebert Group, Phillip Siebert, GSF Mortgage Corporation, Countrywide, Thomas Ischkum and Karen Ischkum)

1-26.  Plaintiff repeats and realleges paragraphs 1 through 26 of Count I as paragraphs 1 through 26 of Count VI, verbatim, as though fully set forth herein.

20

ANSWER:     Defendants restate and incorporates by reference herein their answers to

paragraphs 1 - 26 above as though fully set forth herein.

27.  This count is being pled against Defendants Siebert Group, Phillip Siebert, Thomas

Ischkum, Karen Ischkum, GSF Mortgage Corporation and Countrywide.

ANSWER:     Defendant admits the averments contained in Paragraph 27.

28.     Throughout the course of the subject transaction, an enormous disparity in

bargaining power existed between Plaintiff and Defendants. Plaintiff is an unsophisticated

homeowner who was facing desperate financial circumstances and the possible loss of her family

home. In contrast, the Defendants are experienced in business, finance and real estate matters

and sought to profit from the disparity in bargaining power, and did so by deliberately taking

advantage of Plaintiff.

ANSWER:     Defendants deny the averments contained in the first two sentences in

Paragraph 28.  Defendants lack knowledge or information sufficient to

form a belief regarding the desperate  financial circumstances as alleged in

this Paragraph.  Defendants admit that they are experienced in business,

finance and real estate matters. Defendants deny that they took advantage

of the Plaintiff.

29.  The terms of the subject transaction are so one-sided as to be abusive and

unconscionable. Defendants, for their benefit, used the disparity in bargaining power to cause a

transfer of title to Plaintiffs home for approximately 64% of its value.

ANSWER:     Defendants deny the averments contained in Paragraph 29.

:\ro\litigate\41107\pleadings\**Revised Answer.wpd**

30.  The circumstances of the transaction did not provide Plaintiff with a reasonable opportunity to understand the terms of the transaction, the likelihood of a default on her part, and the consequences to her if she did default.

ANSWER:    Defendants deny the averments contained in Paragraph 30.

WHEREFORE,  Defendants SIEBERT GROUP 1, LLC-S.G. SERIES, GSF MORTGAGE CORPORATION, PHILLIP SIEBERT, THOMAS ISCHKUM, and KAREN ISCHKUM,  respectfully request that this Honorable Court deny the relief requested by Plaintiff and enter judgment in favor of Defendants and such other and further relief as this court may deem just.

### Count VII: CONSTRUCTIVE TRUST
**(against Siebert Group, Phillp Siebert, GSF Mortgage Corporation,
Thomas Isckum and Karen Ischkum)**

1. -26.  Plaintiff repeats and realleges paragraphs I through 26 of Count l paragraphs 1 through 26 of Count VII, verbatim, as though fully set forth herein.

ANSWER:    Defendants restate and incorporates by reference herein their answers to paragraphs 1 - 26 above as though fully set forth herein.

27.    This count is being pled against Defendants GSF Mortgage Corporation, Siebert Group LLC, Phillip Siebert, Thomas Ischkum and Karen Ischkum.

ANSWER:    Defendants admit the averments contained in Paragraph 27.

28.    Ms. Mendez, who has limited experience with real estate transactions and mortgages, trusted Mr. Ischkum with respect to financial affairs related to her home.

ANSWER:    Defendants lack knowledge or information sufficient to form a belief regarding the averments contained in Paragraph 28.

:\ro\litigate\41107\pleadings\**Revised Answer.wpd**

29.    Mr. Ischkum gained Ms. Mendez's trust by successfully obtaining loans to solve Ms. Mendez's financial problems.

ANSWER:    Defendants lack knowledge or information sufficient to form a belief regarding the averments related to trust contained in Paragraph 29. Defendants admit that Ischkum successfully obtained loans for the Plaintiff on prior occasions.

30.    As a result, Mr. Ischkum gained great influence over Ms. Mendez with respect to financial affairs related to her home.

ANSWER:    Defendants deny the averments contained in Paragraph 30.

31.    Mr. Mendez and Ms. Ischkum had a confidential relationship, which imposed fiduciary duties of loyalty and honesty on Mr. Ischkum.

ANSWER:    Defendants deny the averments contained in Paragraph 31.

32.    Thomas Ischkum and GSF Mortgage Corporation, through its agents, abused the trust placed in them by Ms. Mendez, and breached their fiduciary duties of loyalty and honesty by obtaining title to Ms. Mendez's property and causing her to lose the equity in the home.

ANSWER:    Defendants deny the averments contained in Paragraph 32.

33.    By obtaining title to the subject property, by accepting monthly payments from Ms. Mendez and by further encumbering the subject property through the GSF Mortgage loan and enjoying the proceeds thereof, Defendants Siebert Group, Phillip Siebert, Thomas Ischkum and Karen Ischkum have been unjustly enriched by receiving money and property properly belonging to plaintiff under circumstances that, in equity, the Defendants ought not be allowed to retain.

ANSWER:    Defendants deny the averments contained in Paragraph 33.

WHEREFORE, Defendants SIEBERT GROUP 1, LLC-S.G. SERIES, GSF
MORTGAGE CORPORATION, PHILLIP SIEBERT, THOMAS ISCHKUM, and KAREN
ISCHKUM, respectfully request that this Honorable Court deny the relief requested by Plaintiff
and enter judgment in favor of Defendants and such other and further relief as this court may
deem just.

## COUNT VIII: BREACH OF FIDUCIARY DUTY
### (against Thomas Ischkum and GSF Mortgage)

1-26. Plaintiff repeats and realleges paragraphs 1 through 26 of Count I as paragraphs 1
through 26 of Count VIII, verbatim, as though fully set forth herein.

> ANSWER:    Defendants restate and incorporates by reference herein their answers to
> paragraphs 1 - 26 above as though fully set forth herein.

27.    This count is pled against Thomas Ischkum and GSF Mortgage.

> ANSWER:    Defendants admit the averments contained in Paragraph 27.

28.    Mr. Ischkum, as a licensed loan originator and employee of GSF Mortgage
Corporation, had extensive knowledge of real estate transactions, including purchases and
mortgages.

> ANSWER:    Defendants admit the averments contained in Paragraph 28, except
> Defendants deny that Ischkum has extensive knowledge or real estate
> transactions.

29. Ms. Mendez, in contrast, has limited experience with real estate transactions and
mortgages.

> ANSWER:    Defendants lack knowledge or information sufficient to form a belief
> regarding the averments contained in paragraph 29.

:\ro\litigate\41107\pleadings\**Revised Answer.wpd**

30.  Mr. Ischkum, as an agent of GSF Mortgage, on three separate occasions assisted Ms. Mendez with obtaining a loan.

ANSWER:    Defendants admit the averments contained in Paragraph 30.

31.  Mr. Ischkum gained Ms. Mendez's trust by successfully obtaining those loans to solve Ms. Mendez's financial problems.

ANSWER:    Defendants admit that Thomas Ischkum assisted Plaintiff in refinancing
           loans.   Defendants lack knowledge or information sufficient to form a
           belief regarding the remaining averments contained in paragraph 31.

32.  As a result, Mr. Ischkum gained great influence over Ms. Mendez with respect to financial affairs related to her home.

ANSWER:    Defendants deny the averments contained in Paragraph 32.

33.  Mr. Mendez and Ms. Ischkum had a confidential relationship, which imposed fiduciary duties of loyalty and honesty on Mr. Ischkum.

ANSWER:    Defendants deny the averments contained in Paragraph 33.

34.  Mr. Ischkum breached these duties when he induced Plaintiff to enter into a transaction whereby he would ultimately obtain title to the property for less than fair market value and Plaintiff would lose the equity she had in the house.

ANSWER:    Defendants deny the averments contained in Paragraph 34.

35.  Plaintiff has suffered damages as a result of this conduct, as there is now a cloud on the title of her home and she is facing eviction from her home.

ANSWER:    Defendants deny the averments contained in Paragraph 35.

36.  Mr. Ischkum's breach of fiduciary duly was willful, wanton and intentional.

ANSWER:    Defendants deny the averments contained in Paragraph 36.

:\ro\litigate\41107\pleadings\**Revised Answer.wpd**

37. Mr. Ischkum's abuse of his confidential relationship with Mendez is sufficient to establish a constructive trust. <u>Kester v. Crilly</u>, 405 Ill. 425, 431 (1950).

ANSWER:    Defendants deny the averments contained in Paragraph 37.

WHEREFORE, Defendants SIEBERT GROUP 1, LLC-S.G. SERIES, GSF MORTGAGE CORPORATION, PHILLIP SIEBERT, THOMAS ISCHKUM, and KAREN ISCHKUM, respectfully request that this Honorable Court deny the relief requested by Plaintiff and enter judgment in favor of Defendants and such other and further relief as this court may deem just.

### **Count IX: Illinois Consumer Fraud and Deceptive Business Practices Act**
**(against Thomas Ischkum, Phillip Siebert, Siebert Group, and GSF Mortgage)**

1-26. Plaintiff repeats and realleges paragraphs I through 26 of Count I as paragraphs I through 26 of Count IX, verbatim, as though fully set forth herein

ANSWER:    Defendants restate and incorporates by reference herein their answers to paragraphs 1 - 26 above as though fully set forth herein.

27. This count is pled against Thomas Ischkum, Phillip Siebert, Siebert Group and GSF Mortgage.

ANSWER:    Defendants admit the averments contained in Paragraph 27.

28. Plaintiff is a "person" and "consumer" as defined by the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS § 505/1(c) and 505/1(e).

ANSWER:    Defendants admit the averments contained in Paragraph 28.

29. At all times relevant to this case, the Defendants were engaged in commerce and trade in Illinois.

ANSWER:    Defendants admit the averments contained in Paragraph 29.

30. The Defendants employed deceptive acts and practices and made fraudulent misrepresentations and misstatements and omissions of material fact, with the intent that Plaintiff rely upon such acts, practices, representations, misstatements and omissions of material fact.

ANSWER:    Defendants deny the averments contained in Paragraph 30.

31. Said deceptive acts and practices and fraudulent misrepresentations and misstatements and omissions of material fact include but are not limited to the following:

a.    Misrepresenting the identity of the purchaser of the property and failing to disclose that Mr. Ischkum would be the owner of the property;

b.    Misrepresenting to Plaintiff that the transaction would enable her to improve her credit so that she repurchase the house; and

c.    Structuring the transaction as a sale-leaseback with an option to repurchase knowing that default was inevitable, with the intent to strip the equity from the property.

ANSWER:    Defendants deny the averments contained in Paragraph 31.

32. Said acts and practices and fraudulent misrepresentations and misstatements and omissions of material fact offend public policy, are immoral, unethical, oppressive, and unscrupulous, and caused substantial injury to Plaintiff.

ANSWER:    Defendants deny the averments contained in Paragraph 32.

33. Said acts and practices and fraudulent misrepresentations and misstatements were willful, wanton and intentional.

ANSWER:    Defendants deny the averments contained in Paragraph 33.

34. As a direct and proximate cause of Defendants' actions, Plaintiff has suffered substantial economic harm including but not limited to the loss of title to the property, the loss of

approximately $140,000 equity in the property, and the further encumbrance of the property due to the mortgages executed by the Ischkums.

ANSWER:     Defendants deny the averments contained in Paragraph 34.

WHEREFORE,  Defendants SIEBERT GROUP 1, LLC-S.G. SERIES, GSF MORTGAGE CORPORATION, PHILLIP SIEBERT, THOMAS ISCHKUM, and KAREN ISCHKUM,  respectfully request that this Honorable Court deny the relief requested by Plaintiff and enter judgment in favor of Defendants and such other and further relief as this court may deem just.

## DEFENSES

### First Defense – Waiver

Plaintiff consented to the conduct alleged in her complaint and voluntarily relinquished all rights to claims because Plaintiff accepted the benefits of the complained of conduct and willingly entered into the transaction.

### Second Defense – Merger

In real estate matters, the contract and any other verbal statements are merged into the deed upon its acceptance and the deed constitutes the only contract that binds the parties.  Unless the deed contains a reservation, the deed supersedes all contract provisions and becomes the only binding instrument between the parties.

### Third Defense – Failure to Mitigate

Plaintiff has not suffered damage as a result of the Defendants' actions and any damage she has suffered she has failed to mitigate.

:\ro\litigate\41107\pleadings\**Revised Answer.wpd**

Respectfully Submitted,

SIEBERT GROUP 1, LLC-S.G. SERIES,
GSF MORTGAGE CORPORATION,
PHILLIP SIEBERT, as owner and in his
individual capacity, THOMAS ISCHKUM,
and KAREN ISCHKUM

Dated: May 2, 2008

By:    ___/s/ Raymond J. Ostler_____
       One of their attorneys

Raymond J. Ostler
Nazia J. Hasan
Gomberg, Sharfman, Gold & Ostler, P.C.
208 South LaSalle St., Suite 1200
Chicago, Illinois 60604
(312) 332-6194 phone
(312) 332-4083 fax

:\ro\litigate\41107\pleadings\**Revised Answer.wpd**

<u>CERTIFICATE OF SERVICE</u>

I, Raymond J. Ostler, certify that, service of this document was accomplished pursuant to Rule 5(b)(2)(D) and Local Rule 5.9 through the District Court's electronic filing system ("ECF") which will send notice electronically to counsel registered to receive such notice on May 2, 2008.


/s/ Raymond J. Ostler

:\ro\litigate\41107\pleadings\**Revised Answer.wpd**